UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| ANTONIO CANTU, ) | |
| ) | |
|     Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:12-CV-181 RM |
| ) | (Arising out of 3:11-CR-40 RM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent ) | |

OPINION and ORDER

Antonio Cantu has filed a motion asking the court to reconsider its September 20, 2012 denial of his petition filed under 28 U.S.C. § 2255. Mr. Cantu hasn't cited any authority for his motion, which he filed on November 13. Even though the Federal Rules of Civil Procedure don't expressly contemplate motions to "reconsider," such motions are generally construed as being brought under Rule 59(e) or Rule 60(b). Mares v. Busby, 34 F.3d 533, 535 (7th Cir. 1994). Because Mr. Cantu's motion was filed almost two months after entry of the order being challenged, the court will consider his motion under Rule 60(b), which allows for relief from judgment for mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, fraud, a void judgment, a judgment that has been satisfied, released, or discharged; or any other reason that justifies relief. FED. R. CIV. P. 60(b)(1)-(6); see also Banks v. Thomas, Civ. No. 11-301, 2012 WL

384527, at *2 (S.D. Ill. Feb. 6, 2012) ("A Rule 60(b) motion is any request for reconsideration of a judgment filed later than the [28-day] deadline for filing a Rule 59(e) motion.").

Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). A Rule 60(b) motion can't be used to rehash old arguments or to present arguments that could have been made during the pendency of the original motion, Rutledge v. United States, 230 F.3d 1041, 1052 (7th Cir. 2000), but, instead, must seek relief based on one of the factors listed in the Rule. *See* FED. R. CIV. P. 60(b)(1)-(6).

The court denied Mr. Cantu's § 2255 petition based on his waiver in his plea agreement of his right to file an appeal or a challenge to his sentence. *See* Op. and Ord. (Sept. 20, 2012), at 2-7. Even though it wasn't required to do so, the court found that had Mr. Cantu not waived his right to challenge his sentence, he still couldn't prevail on the claims of his petition because the court, as well as his counsel, counsel for the government, and the probation officer assigned to his case, was aware of his mental health issues and considered that history when deciding his sentence, and his argument that he should have received a lower sentence because he cooperated with government officials wasn't a claim that his

2

sentence violated the Constitution or the laws of the United States, the court was without jurisdiction to impose the sentence, or the sentence exceeded the statutory maximum as required for relief under 28 U.S.C. § 2255. *See* Op. and Ord. (Sept. 20, 2012), at 7-8. Mr. Cantu now argues that he is entitled to relief from the order denying his § 2255 petition on four bases: (1) "his mental deficiencies should allow him considerably more latitude in evaluating the appeal waiver in his plea agreement;" (2) his trial counsel was "either ineffectively unaware of, or ineffectively failed to bring to the court's attention the reality that Mr. Cantu was not going to receive the anticipated mental health treatment while in the custody of the Federal Bureau of Prisons;" (3) "the downward departure actually granted was humiliating low," and (4) he should be allowed to present his § 2255 petition again through counsel that the court should appoint to represent him.

     Mr. Cantu's grounds for reconsideration merely reargue facts he previously presented in his § 2255 petition. The court previously found that the waiver in Mr. Cantu's plea agreement of his right to appeal or challenge his sentence was knowing and voluntary and so declines to now "suspend" that waiver; the court has already considered and rejected his arguments relating to his mental health issues and his wish for a lower sentence; and affording Mr. Cantu the opportunity to have another § 2255 petition filed on his behalf by a "capable, licensed member of the bar of this court" isn't within the relief contemplated by Rule 60(b). Because

3

case 3:12-cv-00181-RLM   document 9   filed 11/26/12   page 4 of 4

Mr. Cantu hasn't raised any issues that warrant the extraordinary relief provided by Rule 60(b), the court DENIES his motion for reconsideration [docket # 58].

SO ORDERED.

ENTERED:   November 26, 2012

    /s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:   A. Cantu
      AUSA Schmid

Mr. Cantu hasn't raised any issues that warrant the extraordinary relief provided by Rule 60(b), the court DENIES his motion for reconsideration [docket # 58].

SO ORDERED.

ENTERED:   November 26, 2012

    /s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:   A. Cantu
      AUSA Schmid